UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN CEFALO, et al., | ) | |
| | ) | |
|     *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Civil No. 09-151-P-S |
| | ) | |
| VICTORIA MITCHELL, | ) | |
| | ) | |
|     *Defendant* | ) | |

*MEMORANDUM DECISION ON PLAINTIFFS' MOTIONS TO VACATE AND TO EXTEND TIME*

    The plaintiffs, Stephen Cefalo and Maureen Ripley, ask the court to vacate its order granting the defendant's motion for leave to amend her answer to add a counterclaim, Docket No. 8, which was granted without objection, a timely opposition to the motion not having been filed. They also request an extension of time in which to file their opposition to the motion for leave to amend. I deny the motions.

    The defendant's motion to amend her answer was filed on August 5, 2009. Docket No. 7. The motion appropriately represented that counsel for the plaintiffs did not consent to the motion. Defendant's Motion to Amend Her Answer to Include Counterclaim (Docket No. 7) at 1. A response was due no later than August 26, 2009, and the docket so noted. Docket. On August 27, 2009, no response having been filed, the motion was granted. Docket No. 8. On September 3, 2009, a week later, the plaintiffs filed the motions now before the court. Docket No. 10. Their attorney asserts that, while notice of the motion and a copy of the motion itself was received on August 5, 2009, "the know-how required to find, view, and print" the motion

1

attached to the e-mail from the clerk's office of this court "was missing on the part of our Attorneys[,]" and the receipt was only "discovered" on September 2, 2009, six days after the notice of the granting of the motion was sent to the plaintiffs' counsel by e-mail from the clerk's office.  Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Vacate Order Granting Defendant's Motion to Amend Her Answer to Include Counterclaim and to Allow Plaintiffs to File Opposition to Defendant's Motion ("Motion") (Docket No. 10) at [2].

### I.  Excusable Neglect

When a motion to extend a filing deadline is brought after that deadline has expired, the moving party must demonstrate excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B); *Envisionet Computer Servs., Inc. v. Microportal.Com., Inc.*, No. CIV. 00-CV-225-P-H, 2001 WL 27539 (D. Me. Jan. 9. 2001), at *1.  Here, the plaintiffs offer an unspecified "miscommunication and lack of understanding in the new technology of the United States District Court filing system" such that the plaintiffs "in effect, never received the Defendant's motion until the Plaintiff[s] received notice of the motion's allowance."  Motion at [2].

The plaintiffs' attorney received electronic notice on August 5, 2009, of the filing of the defendants' motion to amend (and a copy of the motion) because he or his firm had previously registered with the clerk's office to receive notice and to file pleadings directly on the electronic docket. This electronic docketing system has been fully functional in this court since October 1, 2003, making it less than "new."  Lawyers and firms are required to register for electronic filing, and upon registering are provided with the e-mail address and toll-free telephone number of the court's help desk for any questions concerning the electronic filing system.  The registration form that the plaintiffs' attorney's law firm filed with the clerk's office included an explicit agreement to be served by electronic means.  ECF Registration Form, United States District

Court, District of Maine, ¶ 2. An ECF User Manual was provided to the firm upon its registration. Much of this information is also available on the court's website.

The law firm representing the plaintiffs in this action has its own website, orlandoassociates.com, the home page of which lists three lawyers and a law clerk, Joseph M. Orlando Jr., with an electronic link to his "Linked-In Profile Page," which states, *inter alia*, that he is a law school student and a member of a group identified as the Legal IT Network. This information makes it difficult to see how the law firm could be operating in 2009 in ignorance of how to "find, view, and print [an] attachment" to an e-mail. Motion at [2]. In any event, recognizing that an e-mail from a court in which the firm has a pending case is important requires no specialized information technology knowledge at all. It is not an onerous burden, even on a small law firm that is "new in the field of electronics in general, including electronic filing and E-mail[,]" Motion at [2], to become aware of the import of an e-mail from the clerk's office of a court in which the firm has a case pending. Once aware of the existence of the e-mail, any member or employee of the firm surely has many avenues available to obtain assistance in reading that e-mail and opening any attachments, including, in this firm's case, the services and knowledge of its own law clerk.

The plaintiffs contend that "a lack of understanding of the electronics is all too common, and therefore does not constitute 'carelessness[,]'" citing a case from the Massachusetts state court concerning motions to vacate judgment.[1] Motion at [3]. To the contrary, once aware that his or her case is pending in a court with an electronic docket, it is careless for an attorney to fail to prepare to deal adequately with the inevitable electronic messages that will be sent to him or her by the court. *See, e.g., Dimmitt v. Ockenfels*, 407 F.3d 21, 23-24 (1st Cir. 2005).

---

[1] *See, e.g., Aguiar-Carrasquillo v. Agosto-Alicea*, 445 F.3d 19, 28 (1st Cir. 2006) ("excusable neglect" encompasses "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control").

Finally, it bears noting that counsel for the plaintiffs was aware that the defendant was filing a motion to amend her answer because the attorney for the defendant contacted him to inquire whether he would consent to the motion, and duly notified the court of his lack of consent. This court's Local Rule 7(b), also available on its website, requires that an objection to a motion be filed within 21 days after the filing of that motion. Counsel for the plaintiffs was on notice, after counsel for the defendant's inquiry, that a motion was to be filed. He therefore knew that the period allowed for an objection would begin to run upon the imminent filing, yet he apparently made no attempt in the ensuing four weeks to discover whether the motion about which he had be questioned had in fact been filed.

## II. Rule13(f) and Rule 15(a)(2)

As the defendant points out, Defendant's Reply in Support of Her Motion to Amend Her Answer (Docket No. 13) at 1, both Fed. R. Civ. P. 13(f) and Fed. R. Civ. P. 15(a)(2) provide the standards governing her initial motion to amend. Rule 13(f) states: "The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Rule 15(a)(2) provides that, in all cases other than amendments made before a responsive pleading is served or within 20 days after service if a responsive pleading is not allowed and the action is not on a trial calendar, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Both rules are to be interpreted liberally. *Essential Housing Mgmt., Inc. v. Walker*, No. 97-2150, 166 F.3d 332 (table), 1998 WL 559349 (4th Cir. June 9, 1998), at *3 (Rule 13); *Ondis v. Barrows*, 538 F.2d 904, 909 (1st Cir. 1976) (Rule 15a). The motion in this case was filed only nine days after the defendant could have made the amendment under Rule 15(a)(1) without leave

4

of court.  The plaintiffs have made no attempt to demonstrate that they will be prejudiced by the granting of the motion, and no prejudice is apparent.  *See Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000) (denial of motion for leave to amend must be based on undue delay, bad faith, futility or prejudice to non-moving party).  Nor have they suggested any bad faith on the part of the defendant, or that the proposed counterclaim is futile.

A liberal interpretation of these rules requires denial of the plaintiffs' motions.

### III.  Conclusion

For the foregoing reasons, the plaintiffs' motion to vacate the court's order granting the defendant's motion for leave to amend her answer is **DENIED**.  This denial renders **MOOT** the plaintiffs' motion for leave to file their opposition to the defendant's motion.

Dated this 13th day of October, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge